ANN MARIE MORTIMER (SBN 169077)
amortimer@hunton.com
DIANA BIASON (SBN 247274)
dbiason@hunton.com
HUNTON & WILLIAMS LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Phone: (213) 532-2000
Fax: (213) 532-2020

JOHN WOODS (Admitted *Pro Hac Vice*)
jwoods@hunton.com
HUNTON & WILLIAMS LLP
1900 K Street, NW
Washington, DC 20006
Phone: (202) 955-1500
Fax: (202) 778-2201

Attorneys for Defendant
YAHOO! INC.

ERIK SYVERSON (SBN 221933)
eriksyverson@syversonlaw.com
PICK AND BOYDSTON, LLP
617 South Olive Street, Suite 400
Los Angeles, CA 90014
Phone: (213) 624-1996
Fax: (213) 624-9073

Attorneys for Plaintiff
HOLOMAXX TECHNOLOGIES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOLOMAXX TECHNOLOGIES CORPORATION, a Pennsylvania Corporation<br><br>Plaintiff,<br>v.<br>YAHOO!, INC., a Delaware corporation, and CISCO IRONPORT SYSTEMS, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO.: CV10-04926 JF(PG)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE:       January 14, 2011<br>TIME:       10:30 A.M.<br>JUDGE:      Honorable Jeremy Fogel<br>COURTROOM: Courtroom 3, 5th Floor |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9, and the Court's Standing Order Regarding the Contents of Joint Case Management Statement, Plaintiff Holomaxx Technologies Corporation ("Holomaxx") and Defendant Yahoo! Inc. ("Yahoo!") hereby submit this Joint Case Management Statement.

**1.   Jurisdiction and Service:**

This Court has subject matter jurisdiction over Holomaxx's federal claims under 28 U.S.C. § 1331, and over Holomaxx's state claims pursuant to 28 U.S.C. § 1367. Yahoo! has been served. There are no remaining defendants that need to be served at this time.

**2.   Facts:**

**Yahoo!'s Statement**

Holomaxx is a purported email marketing servicer who sends marketing emails on its clients' behalf. Yahoo! is an internet service provider that hosts email accounts and offers email services. In the ordinary course of business, Yahoo! takes prophylactic steps, with the consent of its users, to protect the integrity of its network and to screen users from unsolicited, objectionable communications, commonly referred to as "spam," by using highly proprietary spam-filtering techniques. Yahoo! contends, among other things, that its purported actions are lawful, as well as, immunized by provisions in the Communications Decency Act (47 U.S.C. § 230(a)(2)).

Holomaxx filed this action on October 29, 2010. On December 23, 2010, Yahoo! filed a Motion to Dismiss Holomaxx's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Yahoo!'s Motion to Dismiss is currently pending and is set for hearing before this Court on February 25, 2011.

**Holomaxx's Statement**

Holomaxx alleges that beginning on or about June 7, 2010, Yahoo!'s automated spam filter wrongly blocked emails sent by Holomaxx to Yahoo! users worldwide. Holomaxx contends that its email is, among other things, not unsolicited, not objectionable and not spam. Holomaxx sends emails on behalf of its clients to individuals/entities who request to receive such emails. Furthermore, Holomaxx contracts with commercial clients to send emails to their customers, generally for a per-email fee; it also contracts with a datacenter to send emails through their servers. Holomaxx (which complies with both the Can-Spam Act and industry best practices)

contends that Yahoo! intentionally interfered with these contracts (as well as Holomaxx's prospective business advantage) by, *inter alia*, improperly blocking Holomaxx's emails, and then refusing to review its "determination" or provide any information that would allow Holomaxx to remedy the situation. Moreover, Holomaxx contends that Yahoo! improperly accessed computers on which Holomaxx's confidential email communications were stored, intercepted Holomaxx's communications in storage and/or in transit, and used and/or disclosed the contents of Holomaxx's communications with third parties. Finally, Holomaxx contends that Yahoo!'s conduct is not protected by the Communications Decency Act, because, *inter alia*, (i) the CDA is directed at materials that are truly inappropriate or offensive ("filthy, excessively violent, child pornography, harassing"), not routine business communications; and (ii) Yahoo! did not act in good faith in filtering Holomaxx's emails. (Holomaxx contends that the Can-Spam Act also does not provide immunity for violations of the Federal Wiretap Act.). Holomaxx contends that its Complaint is well pled and must proceed on the merits.

### 3. Legal Issues:

At issue in Holomaxx's Complaint are eight causes of action (seven of which are alleged against Yahoo!) consisting of federal claims for purported violations of the Wiretap Act (18 U.S.C. §§ 2510 *et seq*.), the Stored Communications Act (18 U.S.C. §§ 2701 *et seq*.), the Computer Fraud and Abuse Act (18 U.S.C. §§ 1030 *et seq*.), and for state claims for intentional interference with contract, intentional interference with prospective business advantage, and purported violations of California Penal Code §§ 630 *et seq*. and the California Business & Professions Code §§ 17200 *et seq*.[1]

In its Motion to Dismiss, Yahoo! asserted, among other things, that Yahoo!'s conduct of filtering emails is immunized by, the "Good Samaritan" provision of the Communications Decency Act, codified at 47 U.S.C. § 230(a)(2), and that Holomaxx has failed to state any claim in its Complaint. Holomaxx contends that its Complaint is well pled and should survive Yahoo!'s Motion or, in the alternative, be granted leave to file a First Amended Complaint.

---

[1] Holomaxx's Complaint also included a seventh cause of action for a violation of Civil Code §§ 43 *et seq*., which was asserted against defendant CISCO Ironport Systems, LLC, who was dismissed from this action on December 8, 2010.

2

4. **Motions:**

Yahoo! filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The hearing for Yahoo!'s Motion to Dismiss is set for February 25, 2011. The Opposition and Reply to Yahoo!'s Motion to Dismiss have yet to be filed. Should an Opposition or Reply be filed, the parties anticipate that they will be filed pursuant to the briefing schedule set forth in Civil Local Rule 7-3. On December 17, 2010, the Court granted the Motion for Admittance of Yahoo!'s out-of-state counsel, John W. Woods, Jr.. There are currently no other pending motions.

Yahoo! reserves the right to file additional dispositive motions, if necessary, such as other motions to dismiss, motions to strike, motions for summary judgment, discovery motions, as well as any pre-trial motions, and/or motions for sanctions, if appropriate.

5. **Amendment of Pleading:**

Whether any future amendments are necessary or allowable will be determined by the Court's ruling on the currently pending Motion to Dismiss. Holomaxx reserves its right to seek leave to file a First Amended Complaint if appropriate.

6. **Evidence Preservation:**

Each party represents that it has taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action, based on currently available information. Yahoo! has conducted interviews of relevant personnel concerning documents and sources of electronically stored information and issued a litigation hold notice directing the preservation of evidence to relevant personnel. Yahoo! has secured the agreement of relevant Yahoo! personnel who were issued the litigation hold that they will comply with such notice. Holomaxx has done the same.

7. **Disclosures:**

The parties have not exchanged Initial Disclosures under Rule 26(a) of the Federal Rules of Civil Procedure. The parties agree to stipulate to a date for such disclosures after the resolution of Yahoo!'s pending Motion to Dismiss.

8. **Discovery :**

No discovery has been taken to date. The parties agree that the Court's rulings on the currently pending Motion to Dismiss will significantly impact the timing and scope of any discovery. Following the Court's ruling, if necessary, the parties intend to conduct discovery as

permitted by the Federal Rules, including interrogatories, requests for admission, expert and witness depositions, and third-party subpoenas. The parties further agree to execute a written protective order to govern documents exchanged and disclosures made during the course of the litigation. The parties further agree to meet and confer regarding the form of any electronic discovery and the manner of production of electronic discovery.

9.  **Class Actions**:

This lawsuit does not involve any class action claims.

10. **Related Cases:**

Holomaxx filed an action against Microsoft Corporation, Case No. CV 10-04924 JF, on December 29, 2010, and is currently pending before the Court. Holomaxx's action against Microsoft involves similar legal issues as those at stake in this case.

11. **Relief**:

Holomaxx seeks injunctive relief, declaratory relief, compensatory damages, punitive damages and attorneys fees. Yahoo! has not answered Holomaxx's Complaint, and thus has not yet requested relief.

12. **Settlement and ADR:**

The parties have filed their respective ADR certifications and have stipulated to private mediation with JAMS in Los Angeles, with the cost of the mediator to be split by the parties. Holomaxx welcomes settlement procedures and ADR as soon as possible.

13. **Consent to Magistrate Judge for All Purposes**:

Yahoo! filed a Declination to Proceed Before a U.S. Magistrate Judge on November 19, 2010. The parties do not stipulate to proceed before a Magistrate Judge for all purposes.

14. **Other References:**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues:**

Yahoo! believes the Court's rulings on the currently pending Motion to Dismiss may narrow the issues in this case or resolve the case in its entirety. Holomaxx contends that the Court's rulings on the currently pending Motion to Dismiss may allow the current Complaint to stand or narrow the

issues in this case.  Yahoo! has requested Holomaxx to consider whether it wishes to voluntarily dismiss any of its claims in advance of the hearing on the Motion to Dismiss.  At this time, Holomaxx contends that it has been provided no dispositive evidence by Yahoo! justifying such an action.

### 16. Expedited Schedule:

At this time, the parties do not believe that this case is appropriate for expedited handling using streamlined procedures.

### 17. Scheduling:

The parties scheduling of proposed dates for designation of experts, discovery cut-off, hearing of dispositive motions, and pretrial conference and trial is premature and should be deferred until after the resolution of Yahoo!'s pending Motion to Dismiss.

### 18. Trial:

Holomaxx has requested a trial by jury.  The parties will not be able to estimate the length of trial until Yahoo!'s Motion to Dismiss has been resolved.

### 19. Disclosure of Non-Party Interested Entities or Persons:

Each party has filed a Certification of Interested Entities or Persons as required by Civil L.R. 3-16.  Neither party currently has any other interest to report under that rule.

### 20. Other Matters:

The parties reserve the right to identify any other matters that may facilitate the just, speedy, and inexpensive disposition of the this matter once Yahoo!'s pending Motion to Dismiss has been

//
//
//
//
//
//
//
//

resolved. The parties anticipate another Case Management Conference after the resolution of the pending Motion to Dismiss to discuss scheduling dates and discovery issues.

DATED: January 7, 2011                     HUNTON & WILLIAMS LLP

                                           By:   /s/ Ann Marie Mortimer
                                                 Ann Marie Mortimer
                                                 Attorneys for Defendant
                                                 YAHOO! INC.

DATED: January 7, 2011                     PICK AND BOYDSTON, LLP

                                           By:   /s/ Erik Syverson
                                                 Erik Syverson
                                                 Attorneys for Plaintiff
                                                 HOLOMAXX TECHNOLOGIES
                                                 CORPORATION

ATTESTATION PURSUANT TO GENERAL ORDER 45

I, Ann Marie Mortimer, attest that concurrence in the filing of this document has been obtained from Mr. Erik Syverson.

                                                 /s/ Ann Marie Mortimer
                                                 Ann Marie Mortimer