ANN MARIE MORTIMER (SBN 169077)
amortimer@hunton.com
DIANA BIASON (SBN 247274)
dbiason@hunton.com
HUNTON & WILLIAMS LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

JOHN WOODS (Admitted *Pro Hac Vice*)
jwoods@hunton.com
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Phone (804) 788-8200
Fax (804) 788-8218

Attorneys for Defendant
YAHOO! INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOLOMAXX TECHNOLOGIES CORPORATION, a Pennsylvania Corporation<br><br>Plaintiff,<br><br>v.<br><br>YAHOO!, INC., a Delaware corporation, and CISCO IRONPORT SYSTEMS, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO.: CV10-04926 JF(PG)<br><br>**DEFENDANT YAHOO! INC.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. RULE 12(b)(6)**<br><br>[Declaration of Maggie Tooch Attached Hereto]<br><br>DATE: February 25, 2011<br>TIME: 9:00 A.M.<br>JUDGE: Honorable Jeremy Fogel<br>COURTROOM: Courtroom 3, 5th Floor |

## I. INTRODUCTION

Yahoo! Inc. has properly requested that the Court take judicial notice of its 1) Terms of Service, 2) Anti-Spam Policy, and 3) mail privacy policy (collectively, "Yahoo!'s policies"). The Court should take judicial notice of these documents because Plaintiff has put Yahoo!'s policies at issue by claiming that Yahoo!'s spam filtering has been done without consent. The Court may take judicial notice of these policies, which are available to subscribers and the public at large, and are therefore capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). In fact, Courts routinely grant judicial notice of information found in the world-wide-web. For the reasons set forth herein and in Yahoo!'s original request, this Court should judicially notice Yahoo!'s policies.

## II. ARGUMENT

### A. Holomaxx Has Placed Consent at Issue in Its Complaint Therefore the Court Should Take Judicial Notice of Yahoo!'s Policies That Are Directly Relevant to Consent.

It is law in the Northern District that "a court may take judicial notice of 'documents crucial to the plaintiff's claims, but not explicitly incorporated in his complaint.'" *In Re Finisar Corp. Derivative Litigation*, 542 F. Supp. 2d 980, 990 n.4 (N.D. Cal. 2008); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1131 (N.D. Cal. 2010) (Fogel, J.) (defendant's one-year warranty terms considered on motion to dismiss, even where they were not included in or attached to complaint);*see also Fadaie v. Alaska Airlines, Inc.*, 293 F. Supp. 2d 1210, 1214 (W.D. Wash. 2003) ("The Court may . . . consider documents referenced extensively in the complaint [and] documents that form the basis of plaintiffs' claim . . . when determining whether the allegations of the complaint state a claim upon which relief can be granted.). Plaintiff has placed the issue of consent to spam filtering front and center in this lawsuit. (*See, e.g*, Compl. ¶ 37 ("HOLOMAXX is informed and believes. . . that DEFENDANTS both accessed computers on which HOLOMAXX's confidential email communications were stored, and that DEFENDANTS also scanned the contents of those emails and obtained information therefrom, *without the consent* of either HOLOMAXX or the intended recipients.") (emphasis added)).

Yahoo! email users have consented to the spam filtering alleged in the Complaint, therefore,

1 several of Plaintiff's claims are barred as a matter of law.  Yahoo!'s policies submitted in
2 conjunction with Yahoo!'s Request for Judicial Notice are directly relevant to the issue of consent.
3 For instance, Yahoo!'s Terms of Service provides that users "acknowledge that Yahoo! may or may
4 not pre-screen Content, but that Yahoo! and its designees shall have the right . . . in their sole
5 discretion to pre-screen, refuse, or remove any Content that is available via Yahoo! Services."
6 Yahoo!'s Request for Judicial Notice in Support of Its Motion to Dismiss Complaint Pursuant to
7 Fed. R. Civ. P. Rule 12(b)(6), filed on December 23, 2010 (Docket # 20) ("RJN"), Exh. 1 at 3.
8 Yahoo! Universal Anti-Spam Policy prohibits the use of "Yahoo! computer systems to facilitate the
9 transmission of unsolicited or unauthorized material." *Id*. at Exh. 2 at 1.  Yahoo!'s mail privacy
10 policy informs users that "[i]n order to protect users, Yahoo! Mail does spam, virus, phishing and
11 malware detection that may use any of the message's contents." *Id*. at Exh. 3 at 1.  These policies
12 clearly delineate and evidence consent by users to spam filtering and, contrary to Plaintiff's
13 assertions, will not raise factual issues inappropriate for a Rule 12(b)(6) motion.  *See, e.g*, *Ford v.
14 Hotwire*, 2007 WL 6235779, at *4 (S.D. Cal. Nov. 19, 2007) (taking judicial notice of Terms of Use
15 which showed users agreement to abide by Terms of Use); *In re Facebook PPC Adver. Litig*., 2010
16 WL 5174021, at *2  (N.D. Cal. Dec. 15, 2010) (Fogel, J.) (enforcing website's terms of service to
17 block plaintiff's claims).  Because Plaintiff has put these documents at issue in its claims, the Court
18 should grant Yahoo!'s Request for Judicial Notice.

19      **B.**    **Information From Internet Websites Are Routinely Judicially Noticed by the Courts.**

20 The Court should take judicial notice of Yahoo!'s policies because they are not subject to
21 reasonable dispute and are capable of accurate and ready determination by accessing the documents
22 on Yahoo!'s website.  *See* Evid. Code 201(b).  Although the documents were previously
23 authenticated as true and accurate copies of the policies as they were accessed on Yahoo!'s website,
24 Yahoo! is also submitting the declaration of Maggie Tooch, an employee of Yahoo! who is further
25 attesting to the authenticity of the documents and confirming that they were in effect during the time
26 frame alleged in Plaintiff's Complaint.  *See* Declaration of Maggie Tooch attached hereto as Exhibit
27 A.
28

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Evidence Code 201(b) requires that any dispute as to the authenticity of the document be "reasonable." The fact that Yahoo!'s policies inconveniently bar several of Plaintiff's causes of action does not reasonably render the documents disputable as to authenticity. In fact, besides rote and cursory references to case law, Plaintiff does not offer reasons to doubt the authenticity of the proffered documents. Plaintiff does not claim that the policies have been altered in any way or bear any indicia that they are not what they purport to be. The policies bear an internet address source, the date in which they were accessed, and clearly come from Yahoo!'s own website where Plaintiff may download them at any time. *See Giordano v. Wachovia Mortg., FSB*, 2010 WL 5148428, at *1 n.2 (N.D. Cal. Dec. 14, 2010) (Fogel, J.) (on motion to dismiss, Court may take notice of "matters in the public record"); *Ferrington v. McAfee*, 2010 WL 3910169, at *2 (N.D. Cal. Oct. 5, 2010) ("a court may take judicial notice of matters of public record outside the pleadings."). In fact, Yahoo!'s Request for Judicial Notice was accompanied by counsel for Yahoo!'s declaration attesting that the documents were accessed from Yahoo!'s website. Any attempt to dispute the authenticity of the policies is therefore not reasonable.[1]

In fact contents of website found on the world wide web are often judicially noticed by the Courts. *See Ford*, 2007 WL 6235779, at *4 (S.D. Cal .Nov. 19, 2007) (taking judicial notice of "terms of use" agreement which all consumers were required to accept at time of payment as well as pages from defendant's public website that all consumers would see when making the subject reservation); *Kinderstart.com LLC v. Google, Inc*., 2007 WL 831806, at *21 n.20 (N.D. Cal. Mar. 16, 2007) (Fogel, J.) (taking judicial notice of printouts of its website proffered by defendant Google, Inc.); *Pollstar v. Gigmania, Ltd*., 170 F. Supp. 2d 974, 978 (E.D. Cal. 2000) (taking judicial notice of printout of plaintiff's website); *LaBella Winnetka, Inc. v. Village of Winnetka*, 2010 WL

---

[1] Plaintiff's cited authorities are inapposite. In *McAfee*, the Court denied to take judicial notice of screenshots, where one of the shots was a reconstruction and not the actual pop-up advertisement, and there were discrepancies between the screenshots submitted by the parties. 2010 WL 3910169 at *4. The judge also declined to notice various documents where the defendant failed to provide an explanation as to the source of the documents. *Id*. at *4. Here, Yahoo! is submitting three discrete and actual policies as they appeared on Yahoo!'s website and is providing declarations confirming the source of the policies. *Cf Rivera v. Philip Morris, Inc*., 395 F.3d 1142, 1151 (9th Cir. 2005) (involving judicial noticing of the health risks of smoking); *Hardy v. Johns-Manville Sales Corp*., 681 F.2d 334, 347 (5th Cir. 1982) (proposition that asbestos causes cancer is not subject to being judicially noticed).

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

5367749, at *5 n.3 (7th Cir. Dec. 29, 2010) (taking judicial notice of contents on defendant's website on motion to dismiss). The Court is, therefore, well within its discretion to judicially notice these documents.

### III. CONCLUSION

For the reasons set forth herein and in Yahoo!'s original Request for Judicial Notice, this Court should take judicial notice of Yahoo!'s 1) Terms of Service, 2) Anti-Spam Policy, and 3) mail privacy policy in connection with Yahoo!'s Motion to Dismiss.

DATED: February 11, 2011                                HUNTON & WILLIAMS LLP

                                                        By: /S/ ANN MARIE MORTIMER
                                                            Ann Marie Mortimer
                                                            Attorneys for Defendant
                                                            YAHOO! INC.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

4

68843.000010 EMF_US 34389537v2

YAHOO! INC.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE
CASE NO: CV10-04926 JF(PG)