**E-Filed 8/23/2011**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

HOLOMAXX TECHNOLOGIES CORPORATION, a Pennsylvania S Corporation,

Plaintiff,

v.

YAHOO!, INC., a Delaware Corporation,

Defendant.

Case No. 10-cv-04926 JF (PSG)

ORDER[1] GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND

[Re: Docket No. 40]

Defendant Yahoo!, Inc. ("Yahoo!") moves pursuant to Fed. R. of Civ. Pro. 12(b)(6) to dismiss the First Amended Complaint ("FAC") of Plaintiff Holomaxx Technologies Corporation ("Holomaxx"). The Court has considered the moving and responding papers and the oral arguments of counsel presented at the hearing on July 15, 2011. For the reasons discussed below, the motion will be granted, without leave to amend.

[1] This disposition is not designated for publication in the official reports.

## I. BACKGROUND

Holomaxx is an e-commerce business development company that contracts with commercial clients to provide a fully-managed email market service. FAC ¶ 16. It sends marketing emails on behalf on its clients and is paid based on the quantity of emails it delivers. FAC ¶ 17. It requires that its clients comply with the Controlling the Assault of Non-Solicited Pornography and Marketing ("CAN-SPAM") Act when acquiring their lists of customers who have elected to receive emails. FAC ¶ 19. Holomaxx alleges that it limits the emails it sends to avoid harassing customers. FAC ¶ 22.

Yahoo! runs SpamGuard, a program that identifies incoming spam email. FAC ¶¶ 26-27. On June 7, 2010, Yahoo began blocking Holomaxx's emails. FAC ¶ 36. Holomaxx filed this action on October 29, 2010. By order dated March 11, 2011, this Court dismissed Holomaxx's original complaint. It concluded that Holomaxx had not alleged facts sufficient to show that Yahoo!'s filtering program is faulty or that Yahoo! failed to act in accordance with an objective industry standard, and that Holomaxx had not explained how Yahoo! "intercepted" its communications or "used and disclosed" the contents of those communications, or what facility or communication was accessed, or by whom, or how the alleged access exceeded a particular authorization. Order at 7, 10-11. Holomaxx filed its FAC on April 8, 2011.

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Only where the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable legal theory" is 12(b)(6) dismissal appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has "facial plausibility" when enough facts are pled to allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 556. Allegations of material fact must be taken as true and construed in the light most favorable to the nonmoving party. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct.

1843, 23 L.Ed.2d 404 (1969). A court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

## III. DISCUSSION

### A. Communications Decency Act

Yahoo! contends that Holomaxx has not pled sufficient facts to overcome Yahoo!'s immunity under the Communications Decency Act ("CDA"). Mot. to Dismiss at 7. Yahoo! points out that the CDA provides a robust immunity, and that a marketer's allegation of non-compliance with CAN-SPAM, without more, does not subject a provider such as Yahoo! to liability. Yahoo! also argues that FAC contains the same allegations that the Court found insufficient previously. Mot. to Dismiss at 7.

Holomaxx contends that Yahoo! is not immune under the CDA because Holomaxx's emails do not qualify as "harassing" or "objectionable." It claims that in light of industry standards, the quantity of "unwanted" emails it sends is too small to be considered "harassing." Holomaxx also alleges that Yahoo! acted in the "absence of good faith" when it blocked the emails. It asserts that Yahoo! programmed SpamGuard to block Holomaxx's emails specifically, and that Yahoo! must have "intentionally chosen" to block the emails because Yahoo! previously had delivered at least some of the same emails. Holomaxx claims that Yahoo! has a strong self-serving, anti-competitive interest in blocking the emails.

Section 230(c)(2)(A) of the CDA grants immunity to interactive computer service providers that act in good faith to "restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected." 47 U.S.C. § 230(c)(2). This Court and others consistently have held that "§ 230 provides a 'robust' immunity, *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003), and that all doubts 'must be resolved in favor of immunity.'" *Goddard v. Google, Inc.*, 2008 WL 5245490 at *2 (N.D. Cal 2008) (quoting *Fair Housing Council v. Roommates.com, LLC*, 521 F.3d 1157, 1174 (9th Cir. 2008)).

Holomaxx points out that in *Zango v. Kaspersky Lab, Inc.*, 568 F.3d 1169 (9th Cir. 2009), Judge Fisher expressed concern that "a blocking software provider might abuse that immunity to block content for anticompetitive purposes or merely at its malicious whim, under the cover of considering such material 'otherwise objectionable.'" *Id.* at 1178. However, it remains true that § 230(c)(2) "'allows [an interactive service provider] to establish standards of decency without risking liability for doing so.'" *Goddard*, 2008 WL 5245490 at *6 (quoting *Green v. AOL*, 318 F.3d 465, 472 (3d Cir. 2002)). Indeed, the good faith immunity is focused upon the provider's subjective intent. *e360 Insight, LLC v. Comcast Corp.*, 546 F. Supp. 2d 605, 608 (N.D. Ill. 2008).

While Yahoo! delivered at least some emails prior to June 2010, that fact alone is not sufficient to support a reasonable inference that Yahoo! acted in bad faith when it decided to block Holomaxx's emails. Holomaxx fails to identify an industry standard that Yahoo! allegedly failed to follow. While the Messaging Anti-Abuse Working Group ("MAAWG") promulgates certain guidelines, the FAC contains no facts supporting Holomaxx's claim that the guidelines amount to an industry standard. To permit Holomaxx to proceed solely on the basis of a conclusory allegation that Yahoo! acted in bad faith essentially would rewrite the CDA. Accordingly, the Court concludes that Yahoo! is entitled to immunity from Holomaxx's claims for computer fraud, intentional interference with contract, intentional interference with prospective business advantage, and wiretapping/eavesdropping.

**B. Other Claims**

**1. Wiretap Act**

The Wiretap Act 18 U.S.C. § 2511(2)(a)(i) grants immunity to an operator of an electronic communication service that is "engaged in any activity which is a necessary incident to the rendition of his service or to the protection of the rights or property of the provider of that service." Yahoo! contends that Holomaxx has not alleged sufficiently that Yahoo! intercepted any electronic communications. Yahoo! relies on *Crowley v. Cybersource Corp.*, 166 F. Supp. 2d 1263, 1269 (N.D. Cal. 2001) for the proposition that Yahoo!'s own servers cannot be an interception device under the Wiretap Act. Yahoo! also contends that accessing stored emails is

not an interception under the Wiretap Act because the stored emails already have been transmitted. *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002).

Holomaxx argues that § 2511(2)(a)(i) immunity does not apply to artificial persons, such as Yahoo!, and that in any event it has alleged interception sufficiently. However, it cites no legal authority to support its position. Despite an opportunity to amend, Holomaxx still has not "explain[ed] how Yahoo! 'intercepted' its communications or how Yahoo! 'used and disclosed' the contents of those communications." Order at 10.

**2. Stored Communications Act**

The Stored Communications Act 18 U.S.C. § 2701(c)(1) grants immunity for "conduct authorized... by the person or entity providing a wire or electronic service." Yahoo! argues that in light of *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107 (3d Cir. 2003), "'[s]ervice providers [may] do as they wish when it comes to accessing communications in electronic storage.'" *Id.* at 115. It also asserts that Holomaxx cannot allege that any facilities or communications were accessed other than the emails that were stored on Yahoo!'s own servers.

Holomaxx contends that Yahoo! exceeded its legitimate authority by searching emails for non-legitimate reasons. According to Holomaxx, Yahoo!'s users have a reasonable expectation of privacy in their emails, and they never authorized Yahoo! to access and block all of Holomaxx's emails to further Yahoo!'s own anti-competitive interests. Once again, however, Holomaxx does not cite any authority to support its position. It still has not "explain[ed] what facility or communication were accessed, or by whom, or how the alleged access exceeded a particular authorization." Order at 10.

**3. California Business and Professions Code § 17200**

Yahoo! asserts that Holomaxx has failed to plead any facts tending to show that Yahoo! misled the public, caused an adverse effect on competition, or engaged in illegal activity. Mot. to Dismiss at 24-25. Yahoo! contends that it filters emails legally and is immunized by the CDA. Holomaxx alleges conclusorily that Yahoo! "threatened and prevented fair and honest competition of internet advertising services... thereby violating the spirit of antitrust laws." Opp'n at 25. However, the fact that Holomaxx may have lost money as a result of vigorous competition,

without more, is insufficient to show an antitrust violation or unfair competition.

## IV. ORDER

Good cause therefor appearing, the motion is GRANTED. Because its previous order gave Holomaxx specific direction with respect to requirements of a viable amended complaint, the Court concludes that further leave to amend is not warranted. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATE: 8/22/2011

JEREMY FOGEL
United States District Judge